UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AUSSIEKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TSHB, LLC, ET AL.,<br><br>　　　　Defendants. | No. 2:22-cv-01886-DAD-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Presently pending before the court is plaintiff Mark Aussieker's[1] motion for default judgment against defendants Top Shelf Home Buyers, LLC (THSB, LLC or Top Shelf) and defendant Nico Contreras.[2] (ECF No. 11.) Plaintiff seeks default judgment for alleged violations of the Telephone Consumer Protection Act (TCPA) and seeks an injunction. (Id. at 18, 38.)[3] Plaintiff also seeks an award of trebled statutory damages, costs, punitive damages, and pre-judgment interest. (Id. at 37-38)

---

[1] Plaintiff proceeds without the assistance of counsel.

[2] This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Local Rules 302(c)(19) (motions for default judgment to be resolved by magistrate judge). See also Local Rule 302(c)(21) (actions in which plaintiffs are proceeding in propria persona among duties of magistrate judges).

[3] After defendants failed to file an opposition to the motion in accordance with Local Rule 230(c), the motion was submitted on the record and written briefing pursuant to Local Rule 230(g). (ECF No. 11.)

As discussed below, the court recommends that plaintiff's motion for default judgment be granted in part.

I. Background

Plaintiff's phone number has been on the National Do-Not-Call Registry since 2003. (ECF No. 1 at ¶ 25 and 20, Email Confirmation from National Do-Not-Call Registry.) Plaintiff primarily uses his cell phone as his home phone and does not own a landline. (Id. at ¶ 27.) Plaintiff alleges that between June 2, 2022 and June 8, 2022, he received two texts and four calls made by or on behalf of Nico Contreras, a real estate agent who worked for defendant Top Shelf Home Buyers. (Id. at ¶¶ 3, 10, 29-39, 42.) The details of these texts and calls are set forth in plaintiff's complaint and described below.

A. Phone Calls from Defendants

On June 2, 2022 at 9:48 a.m., plaintiff received a call from phone number 209-309-5602. (Id. at ¶¶ 29, 39.) Plaintiff answered the call but "no one came onto the line." (Id. at ¶ 29.) Plaintiff alleges that this call was made using a "predictive" dialer because the call was abandoned when he answered. (Id. at ¶ 49.) Plaintiff alleges that a "predictive dialer will dial based on an estimated answer rate and when more people answer or talk longer than 'predicted' the call center employees cannot connect and the dialer releases the calls." (Id.) Plaintiff tried to call the number back but found it was a non-working number. (Id. at ¶ 38.)

On June 3, 2022 at 4:18 p.m., plaintiff received a call from phone number 209-299-4184. (Id. at ¶ 30.) The caller introduced himself as Nico, a real estate agent with Top Shelf Home Buyers, LLC. (Id. at ¶¶ 30, 39.) Nico inquired about purchasing a property on 59th Street. (Id.) Nico asked for Kimberly, who is plaintiff's wife. (Id.) Plaintiff, whose first name is Mark, told Nico that his name was "Matt" so that he would be able to track any further calls from Nico or those associated with Top Shelf. (Id.) Plaintiff offered to take a message.

About ten minutes later, at 4:27 p.m., plaintiff received a text from Nico at the phone number 707-540-2482. (Id. at ¶ 31.) Plaintiff responded to Nico by asking to be placed on the internal do-not-call list and requesting that Nico send a copy of the do-not-call policy. (Id. at ¶¶ 32, 39.) At 4:30 p.m., Nico sent a text that said "Matt its Nico, we just spoke about 59th St." (Id.

at ¶¶ 33, 39.)

On June 7, 2022 at 5:05 p.m., plaintiff received a call from 279-356-8943, with caller ID listed as "Not Available." (Id. at ¶¶ 35, 39.) The caller wanted to speak with "Matt," which was the fake name that plaintiff had given to Nico, about selling the property at 59th St. (Id.)

On June 8, 2022 at 5:06 p.m., plaintiff received another call from Nico asking for Matt. (Id. at ¶¶ 36, 39.)

### B. Procedural History

On October 21, 2022, plaintiff filed this TCPA action against Nico and Top Shelf Home Buyers. (ECF No. 1 at ¶ 1.) Plaintiff served defendant Top Shelf on November 2, 2022. (ECF No. 5.) Plaintiff requested entry of default as to Top Shelf on December 5, 2022, which was entered by the Clerk of Court. (ECF Nos. 6, 7.) Plaintiff served defendant Nico Contreras on December 16, 2022. (ECF No. 8.) After defendant Contreras failed to respond, plaintiff requested entry of default on January 19, 2023. (ECF No. 9.) The Clerk of Court entered default judgment on January 19, 2023. (ECF No. 10.)

Plaintiff moved for default judgment against both defendants on May 25, 2023. (ECF No. 11.) A hearing was set for July 19, 2023. On June 21, 2023, this matter was taken under submission on the papers and without oral argument. (ECF No. 13.) Defendants were ordered to file any opposition by July 5, 2023, but did not do so. To date, neither defendant has appeared in this case.

## II.   Legal Standard – Default Judgment

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

3

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim"). A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

III. Discussion

A. The Eitel Factors Weigh in Favor of Granting Default Judgment

1. *Factor One: Possibility of Prejudice to Plaintiff*

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without another recourse against defendants. Accordingly, the first Eitel factor favors the entry of a default judgment.

2. *Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint*

The court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

Plaintiff alleges that defendants violated 47 U.S.C. § 227(c)(5) by placing four calls and two text messages to plaintiff.[4] A private right of action under 47 U.S.C. § 227(c)(5) requires three elements: (1) for each call, plaintiff received more than one other telephone call within any 12-month period; (2) the calls were made by or on behalf of the same entity; and (3) the calls were made in violation of the regulations prescribed under § 227(c). The TCPA has been interpreted to encompass both voice calls and text messages to cell phones. Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1041 (9th Cir. 2017).

a) More Than One Call Within A Twelve-Month Period

Here, plaintiff has adequately pleaded the first element of a violation under 47 U.S.C. § 227(c)(5), which requires that for each call, plaintiff received more than one other telephone call within any 12-month period. Plaintiff received the first alleged phone call on June 2, 2022. (ECF No. 1 at ¶ 39.) The subsequent calls and texts occurred on or before June 8, 2022, and thus within a twelve-month period. (Id.)

b) Same Entity

The second element requires that the calls be made by or on behalf of the same entity. Here, plaintiff alleges that the calls were made by or on behalf of Nico, who worked for Top Shelf as a salesperson during the time he contacted plaintiff. (Id. at ¶¶ 3, 10, 73.) Plaintiff alleges that upon answering the first call on June 2, 2022, no one came to the line. (Id. at ¶ 29.) Plaintiff called back the number but it was non-working. (Id. at ¶ 38.) Plaintiff alleges this initial call was made using a predictive dialer. The slew of calls from Nico began the following day. (Id. at ¶

---

[4] Plaintiff has withdrawn his claims brought under 47 U.S.C. § 227(b). (ECF No. 11 at 18.) The undersigned takes no position on the merits of plaintiff's claims under § 227(b).

5

49.)  The undersigned can plausibly infer from these facts that the first call was made by or on behalf of defendants.

The caller on June 7, 2022 did not identify themselves.  (Id. at ¶¶ 35, 39.)  However, the caller used the code name "Matt" and sought to discuss the property at 59th street.  (Id.)  The court can plausibly infer from these facts that the call was by or on behalf of defendants.  As to the remaining calls and texts, the complaint alleges these calls were made by Nico concerning real estate.  (Id. at ¶¶ 30-33, 36.)  Therefore, plaintiff has plausibly alleged that the calls were made by or on behalf of the same entity.

### c) Violations of Regulations Prescribed Under § 227(c)

Third, plaintiff has established that the calls were made in violation of the regulations prescribed under § 227(c).  Plaintiff alleges defendants violated 47 C.F.R. § 64.1200(c)(2), which prohibits solicitations to any residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry.  Plaintiff alleges his name is on the National Do-Not-Call Registry and has submitted an email confirming his registration on the National Do-Not-Call Registry.  (ECF No. 1 at 20.)  Accordingly, plaintiff has alleged adequately pleaded defendants violated 47 C.F.R. § 64.1200(c)(2).

Plaintiff also alleges defendants violated 47 C.F.R. § 64.1200(d)(1)-(3), which requires persons or entities to have mandated safeguards.  Plaintiff alleges defendants violated the safeguard that those "making calls for telemarketing purposes" have a written policy, available upon demand, for maintaining a do-not-call list." 47 C.F.R. § 64.1200(d)(1).  The complaint alleges that, after Nico texted plaintiff, plaintiff asked to be placed on the internal do-not-call list and requested that Nico send a copy of the do-not-call policy.  (ECF No. 1 at ¶ 32.)  Plaintiff has not alleged that a copy of the policy was provided.  Thus the undersigned finds that plaintiff has pleaded a violation of this 47 C.F.R. § 64.1200(d)(1).

Plaintiff alleges defendant violated 47 C.F.R. § 64.1200(d)(2), which provides that persons who are engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.  Courts have found violations of 47 C.F.R. § 64.1200(d)(2) where defendants continue to make unsolicited phone calls despite a plaintiff's

request to be placed on a do-not-call list.  See Andrews v. All Green Carpet & Floor Cleaning Serv., 2015 WL 3649585, at *5 (C.D. Cal. June 11, 2015); Kazemi v. Payless Shoesource Inc., 2010 WL 963225, at *3 (N.D. Cal. Mar. 16, 2010).  Here, defendants continued to contact plaintiff despite plaintiff's request that he be placed on a do-not-call list and despite plaintiff's registry on the National Do-Not-Call Registry.  These facts support an inference that defendant violated 47 C.F.R. § 64.1200(d)(2).

Plaintiff alleges that defendant violated  47 C.F.R. § 64.1200(d)(3), which requires that persons or entities making these calls place a telephone subscriber's phone number on an internal do-not-call list within 30 days of the subscriber's do-not-call request. 47 C.F.R. § 64.1200(d)(3). This allegation is not adequately pleaded, as plaintiff has not alleged that he received a phone call after his request and after the thirty-day grace period provided for in the regulation.

In sum, the undersigned finds that plaintiff has adequately pleaded that defendant violated 47 U.S.C. § 227(c)(5).  Thus, the second and third Eitel factors thus weigh in favor of the entry of default judgment.

### 3. *Factor Four: The Sum of Money at Stake in the Action*

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003).  Here, plaintiff seeks an award of $500 in statutory damages for each call made, which he requests be tripled, as well as punitive damages under California law.  (ECF No. 11 at 37.)  Plaintiff also requests costs and pre-judgment interest.  (Id. at 37-38.)  The court does not find the overall sum of money at stake to be so large or excessive as to militate against the entry of default judgment.  Under these circumstances, the court concludes that this factor favors the entry of a default judgment.

### 4. *Factor Five: The Possibility of a Dispute Concerning Material Facts*

Because the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D.

Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. As such, the court concludes that the fifth Eitel factor favors a default judgment.

          5.    *Factor Six: Whether the Default Was Due to Excusable Neglect*

In this case, there is no indication in the record that defendant's default was due to excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

          6.    *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits*

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, after considering and weighing all the Eitel factors, the undersigned concludes that plaintiff is entitled to a default judgment against defendant, and recommends that such a default judgment be entered.

    B.  Remedies

        1.  Statutory Damages

The TCPA imposes a statutory penalty of $500 per violation and gives the court discretion to award up to three times that amount for knowing or willful violations. 47 U.S.C. § 227(c)(5). For purposes of establishing damages under 47 U.S.C. § 227(c), violations of multiple regulations constitute one violation. See Heidorn v. BBD Mktg & Mgmt., LLC, 2013 WL 6571168, at *4 (Oct. 9, 2013). In other words, plaintiff cannot seek multiple damages where one call violates multiple regulations. Here, as plaintiff alleges that defendant made two text messages and four

calls in violation of 47 U.S.C. § 227(c), plaintiff is entitled to $3,000 in statutory damages.

Plaintiff requests trebled damages. (ECF No. 11 at 37.) To determine whether to impose enhanced statutory damages, courts look to the nature of defendants' conduct, defendants' prior TCPA violations and whether non-trebled damages would sufficiently deter future TCPA violations. Doyle v. JTT Funding, Inc., 2019 WL 13037025, at *12 (C.D. Cal. Dec. 2, 2019). See Heidorn, 2013 WL 6571629 at *17 (denying treble damages where plaintiff did not provide evidence that the defendant was previously sued under the TCPA or that the statutory minimum would be trivial to the defendant); compare Osgood v. Main Streat Mktg., LLC, 2018 WL 11408586, at *2–3 (S.D. Cal. Aug. 20, 2018) (granting treble damages where defendants continued to make phone calls after plaintiffs filed suit). Here, plaintiff has not put forth evidence that defendant has previously violated the TCPA or that non-trebled damages are insufficient to deter future TCPA violations. Accordingly, the undersigned recommends that plaintiff's request for treble damages be denied.

### 2. Injunction

Plaintiff requests that defendant be enjoined from making any future solicitation calls to plaintiff at 916-705-8006. (ECF No. 11 at 18.) The TCPA provides for injunctive relief as a remedy. 47 U.S.C. § 227(b)(3)(A); id. § 227(c)(5)(A). Injunctions authorized by statute do not require a showing of irreparable injury, only a showing that a violation of the statue is about to be committed, which plaintiff has clearly made here. United States v. Laerdal Mfg. Co., 73 F.3d 852, 855 (9th Cir.1995). Therefore, the undersigned recommends that defendant's request for an injunction be granted.

### 3. Punitive Damages

Plaintiff seeks an award of punitive damages under California Civil Code § 3294. However, as a state statute, California Civil Code § 3294 cannot authorize punitive damages for violations of the TCPA. See Soublet v. Cnty. of Alameda, 2019 WL 12517063, at *18 (N.D. Cal. Dec. 6, 2019). Thus, the undersigned recommends that plaintiff's request for punitive damages under California Civil Code § 3294 be denied.

////

    4. Costs and Pre-Judgment Interest

Plaintiff's motion for default judgment seeks costs and pre-judgment interest. (ECF No. 11 at 37-38.) A default judgment may not be different in kind from or exceed in amount that prayed for in the complaint. Fed. R. Civ. P. 54(c); Fong v. United States, 300 F.2d 400, 413 (9th Cir. 1962); PepsiCo, Inc., 238 F. Supp. 2d at 1175. "It would be fundamentally unfair to have the complaint lead the defendant to believe that only a certain type and dimension of relief was being sought and then ... allow the court to give a different type of relief or a larger damage award." Gray Ins. Co. v. Lectrfy, Inc., 2014 WL 12689270, at *6 (C.D. Cal. Mar. 3, 2014) (citation omitted) (discussing Rule 54(c) limitation on default judgment amount). Here, plaintiff did not request an award of costs or pre-judgment interest in the operative complaint. (See ECF No. 1.) Accordingly, the undersigned recommends that plaintiff's request for an award of costs and pre-judgment interest be denied.

  IV. Conclusion

In conclusion, the undersigned finds that the Eitel factors weigh in favor of default judgment and recommends that plaintiff be awarded $3,000 in statutory damages and an injunction. The undersigned recommends that plaintiff's request for an award for treble damages, punitive damages, costs, and pre-judgment interest be denied.

**FINDINGS AND RECOMMENDATIONS**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 11) be GRANTED in part;
2. Judgment be entered in plaintiff's favor and against defendants;
3. Plaintiff be awarded statutory damages in amount of $3,000.00;
4. Plaintiff's request for an injunction be granted and defendants be enjoined from making any future solicitation calls to plaintiff at 916-705-8006;
5. Plaintiff's request for treble damages, punitive damages, costs and pre-judgment interest be denied; and
6. The Clerk of Court be directed to close this case.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  January 31, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, auss.1886