Mark Aussieker
8830 Olive Ranch Lane
Fair Oaks, CA 95628
Phone: 916-705-8006
aussieker1@gmail.com

*in pro per*

**FILED**

FEB 14 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
　　　　　DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Aussieker,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TSHB LLC and NICO CONTRERAS,<br>DEFENDANT. | No. 2:22-cv-01886 **-DAD-CKD**<br><br>OBJECTIONS TO MAGISTRATE'S RECOMMENDATIONS<br><br>Judge Carolyn K. Delaney<br><br>**Date**<br>**Courtroom**, 24, 8th floor |

TO THE COURT AND DEFENDANT: PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 302(c)(19), pro se Plaintiff MARK AUSSIEKER (hereafter "me" or "I") respectfully objects to one element of the Honorable Magistrate Judge Carolyn K. Delaney's Findings and Recommendation RE Motion for Default Judgment ("Recommendation") (Docket ("Dkt.") No. 15), as described below.

1

I respectfully request that Judge Carolyn K. Delaney's Recommendation as to all findings of law and fact, except one:

(1) Magistrate Judge Delaney denies my request that this Court exercise its discretion to treble the award of statutory damages under the Telephone Consumer Protection Act (TCPA), despite the Defendant's willful and knowing conduct. (See Recommendation at pg10, #5.) I instead urge the Court to treble the award from $500 per violation to $1,500. The Legislature expressly permitted an award of $1,500 for willful and knowing telemarketing Conduct. The statute's primary purpose of encouraging individual consumers to bring TCPA claims themselves by offering a private right of action does not align with a progressive disciplinary scheme where a Defendant must have so many complaints or lawsuits before a court will award treble damages. This reasoning does not follow congressional intent. This court rationalized the denial of the request for treble damages from a penal perspective as a way to punish and deter the defendant when in fact its is a remedial statue intended to compensate the Plaintiff for the invasion of privacy.

Should the Court adopt this change, it should adjust the amount of statutory damages awarded under the TCPA from $3,000 (6 violations x $500) to $9,000 (6 violations x $1,500).

Background

This case concerns the aggressive telemarketing practices of Defendant TSHB LLC and NICO CONTRERAS. (Complaint, Dkt. No. 1; (hereafter "Compl."). October 21, 2022 I filed suit against the Defendants, alleging violations of the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227(c), and its implementing regulations, 47 C.F.R. §64.1200(c) & (d), (Dkt. No. 1.) TSHB was served on November 2nd, 2022 (Dkt. No. 6.) TSHB did not respond so I requested entry of default on December 5th, 2022. (Dkt. No. 7) . Nico was served on December

16th, 2022 after it appeared that TSHB was not going to participate in the litigation (Dkt. No. 9) I requested an entry of Default against NICO on January 19th, 2023, for failing to appear in this action (Dkt. No 10). I subsequently filed a Motion for Default Judgment on May 25th, 2023 (Dkt. No. 11.) On July 19, 2023, Magistrate Judge Delaney took the matter under submission. On February 1st, 2024 Judge Delaney issued her Recommendation (Dkt. No. 15), recommending that this Court grant my Motion for default judgment as to all claims, and awarding me $3,000 in statutory damages, along with specified injunctive relief primarily requiring the Defendant to cease contacting me. (Dkt. No. 13, Recommendation #4.) I agree with Magistrate Judge Delaney's recommended holding that the calls to solicit my interest in selling a house states valid claims as to my claim under the TCPA; however, I respectfully object to one of Magistrate Judge Delaney's recommendations concerning the Complaint.

Standard of Review

Argument

1.Enhanced Statutory Damages Should be Awarded

The TCPA provides for statutory damages of up to $500 per violation. 47 U.S.C. 227(c)(5)(B). And, "[i]f the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph," in other words up to $1,500. Id. (c)(5). Magistrate Judge Delaney was silent as to Plaintiff's claim that Defendant acted willfully, or knowingly. Rather, she declined to recommend trebling the statutory damages because "plaintiff has not put forth evidence that defendant has previously violated the TCPA or that non-trebled damages are insufficient to deter future TCPA violations" (Dkt. No.15 Page 9, 10-13). "[T]here appears to be a

3

split in authority as to what predicate conduct is required before a treble damages awar[d] may be issued." *J2 Global Commc'ns., Inc. v. Blue Jay Inc.*, No. C 08-4252 PJH, at *7 (N.D. Cal. Dec. 1, 2009). Whereas some courts have held that a defendant must have known that such conduct was a violation of law, other courts have held that a defendant must have only acted intentionally. Collins v. Enver Solar Inc., No. SACV19-00146-JLS-KES, at *5 (C.D. Cal. May 26, 2021). I averred that the Defendants knew that they were violating the law because they "spoofed" their calls by transmitting false Caller Identification information so that call I did not know the source of the calls[1]. I also complained that the use of multiple caller id's is indicative that they know they are violating the law and avoiding detection[2]. Avoiding detection is generally indicative of the ability to distinguish right from wrong United States v. Long, 562 F.3d 325, 347 (5th Cir. 2009). Congress chose to employ a low threshold to assess treble damages, by requiring a caller's actions to be 'knowing' or 'willful' Osgood v. Main Streat Mktg., LLC, No. 16CV2415 GPC BGS, 2018 WL 11408586, at *3 (S.D. Cal. Aug. 20, 2018).

Magistrate Judge Delaney looked at the nature of defendants' conduct, defendants' prior TCPA violations and whether non-trebled damages would sufficiently deter future TCPA violations to determine whether to impose enhanced damages on Defendants. I believe that treble damages should be based from the plaintiff's perspective and not based on the prior conduct or if the damages would deter future violations. A TCPA claim is inherently an invasion of privacy claim Los Angeles Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 806 (9th Cir. 2017). Unwanted calls, received at inconvenient times, generally invade an individual's privacy and right to be let alone. *See* Restatement (Second) of Torts § 652B (1977) (cited in *Shulman v. Grp. W Prods. Inc.*, 18 Cal.4th 200, 74 Cal.Rptr.2d 843, 955 P.2d 469, 481–90 (1998)) The rationale to award treble

---

[1] Dkt. No 1 ¶91
[2] Dkt. No 1 ¶52

damages should be based on the defendants conduct towards the plaintiff and not what the defendants had previously done or might do to other people in absence of the damages. I never gave defendants my phone number[3], they got it from skip tracing[4], they were trying to contact my wife[5], they were calling about a property I do not own[6], the first call was as hang up/abandoned[7]. They called again using a different number[8] and later called me again using a different number[9] after asking them to stop[10] and lied about being connected to the 1st caller[11]. Nico supplied his "real number" because he knew that the caller id that was used was spoofed[12]. Each of the above acts was done with the goal to illegally perform the acts of a real estate broker without being licensed[13]. This venture is incredibly profitable with profits greatly exceeding what any real estate broker could make[14] and NICO making "five figures a month"[15]. I don't want to be bothered by a company peddling their real estate services for a property that I do not own especially when I have indicated my desire to not receive calls by registering my number on the do not call registry. I request the court to decide on treble damages based on what the defendants have done to me and see if it meets the criteria for willful and knowing violation.

While not address in the findings, The Ninth circuit affirmed that in order to qualify for discretionary treble damages, a plaintiff must show that a defendant knew or was reckless in not knowing that it was engaging in the conduct that violates the statute. *See Lary v. Trinity*, 780 F.3d

[3] Dkt. No 1 ¶50
[4] Dkt. No 1 ¶28
[5] Dkt. No 1 ¶30
[6] Dkt. No 1 ¶30
[7] Dkt. No 1 ¶29
[8] Dkt. No 1 ¶30
[9] Dkt. No 1 ¶34
[10] Dkt. No 1 ¶32
[11] Dkt. No 1 ¶32
[12] Dkt. No 1 ¶89
[13] Dkt. No 1 ¶46
[14] Dkt. No 1 ¶94
[15] Dkt. No 1 ¶45

at 1107; *Olney v. Progressive Cas. Ins. Co.*, 994 F.Supp.2d 1220, 1227 (S.D. Cal. 2014) True Health Chiropractic Inc. v. McKesson Corp., No. 13-CV-02219-HSG, 2022 WL 1239346, at *6 (N.D. Cal. Apr. 27, 2022), aff'd, No. 22-15710, 2023 WL 7015279 (9th Cir. Oct. 25, 2023). I have put forward examples that I believe show that the defendant knew they were violating the law by spoofing the caller id because avoiding detection is showing awareness of guilt. I have put forward conduct that shows recklessness because defendants made calls to subscribers not knowing if the phone numbers they dialed aligned with the people they sought to contact. It is impossible to have permission from a subscriber to call a number on the Do Not Call Registry when the Defendants doesn't know if the number they are calling belongs to the person they seek to contact. In addition, the member manager for TSHB wrote to plaintiff that my number might have slipped through the cracks regarding a DNC scrub (Dkt. No 1 ¶50). That argument shows that defendants was aware of the need to scrub their list against the DNC before calling or have express consent. The manager said that NICO was terminated from the company (ibid). The admission that NICO was fired is an admission that the company knew what NICO did was wrong. Even if subsequent posts on social media show NICO still working at TSHB which leads me to believe NICO did not actually get fired; the fact that the company would say that he got fired shows an awareness of wrongdoing. These facts are taken as true upon entry of default which show that Defendants knew they were violating the law.

The statutory damages available under the TCPA are, in fact, specifically designed to appeal to plaintiffs' self-interest and to direct that self-interest towards the public good: like statutory compensation for whistleblowers, they operate as bounties, increasing the incentives for private enforcement of the law") (internal quotations omitted); Abramson v. 1 Glob. Capital, LLC, Case No. 15-cv-61373-BLOOM/Valle, 2015 U.S. Dist. LEXIS 181721, at *8 (S.D. Fla.

Sept. 21, 2015) Heidarpour v. Empire Cap. Funding Grp. Inc., No. 18CV00250YGRKAW, 2018 WL 6809186, at *8 (N.D. Cal. Oct. 25, 2018), report and recommendation adopted, No. 18-CV-00250-YGR, 2019 WL 366619 (N.D. Cal. Jan. 30, 2019) Moreover, some courts have held that the trebling provision in Section 227(b)(3) of the TCPA is not strictly punitive in nature, but is also awarded to incentivize private lawsuits and to compensate plaintiffs for willful violations. See Alea London Ltd. v. American Home Services, Inc., 638 F. 3d 768, 778-79 (11th Cir. 2011). The amount sought in this case is fraction of the profits that the company has bragged about getting.

This is not a situation where the Defendant violated the law through inadvertence; the Defendant set up a sophisticated dialing system to hide their identity by spoofing telephone number so that they could keep calling until a pitch was made or the number was found to be wrong. The callers are trying to find people who want to sell a house which is remote at best. Because of the particularly egregious nature of the Defendant's willful actions, I respectfully urge the Court to treble the award statutory damages to $1,500 per call.

DATED: ____2/14/24____ By: ____Mark Aussieker____

DECLARATION OF MAILING

I am the Plaintiff in this action and I served:

OBJECTIONS TO MAGISTRATE'S RECOMMENDATIONS

on the parties in said action, by placing a true copy thereof in a sealed envelope, with First Class postage thereon fully prepaid, and placed with the United States Postal Service at Fair Oaks, California addressed as follows:

NICO CONTRERAS

2112 CEDARWOOD DR

RIVERBANK, CA 95367


TSHB c/o ALEXANDER R TORRES

1201 J ST STE 205

STOCKTON, CA  95814


I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on 2/14/24, in Fair Oaks, California.

*/s/*

Mark Aussieker