1
2
3
4
5
6
7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  MARK AUSSIEKER,                         No.  2:22-cv-01886-DAD-CKD (PS)

12              Plaintiff,

13        v.                                 ORDER ADOPTING FINDINGS AND
                                             RECOMMENDATIONS AND GRANTING IN
14  TSHB, LLC, et al.,                       PART AND DENYING IN PART
                                             PLAINTIFF'S MOTION FOR DEFAULT
15              Defendants.                  JUDGMENT

16                                           (Doc. Nos. 11, 15)

17

18        On October 21, 2022, plaintiff Mark Aussieker filed this civil action against defendants

19  TSHB, LLC and Nico Contreras.  (Doc. No. 1.)  The Clerk of the Court entered default as to

20  defendants because they were served with the summons and complaint and did not file a timely

21  answer, responsive pleading, or otherwise appear in this action.  (Doc. Nos. 5, 6, 7.)  On May 25,

22  2023, plaintiff filed the pending motion for default judgment.  (Doc. No. 11.)  This matter was

23  referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 302.

24        On February 1, 2024, the assigned magistrate judge issued findings and recommendations

25  recommending that plaintiff's motion for default judgment be granted in part.  (Doc. No. 15.)

26  Specifically, the magistrate judge recommended that the court find that defendants had violated

27  the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and that plaintiff be

28  awarded statutory damages in the amount of $3,000, but that plaintiff's request for treble damages

                                             1

1  be denied.  (*Id.*)  The pending findings and recommendations were served on plaintiff and

2  contained notice that any objections thereto were to be filed within fourteen (14) days after

3  service.  (*Id.* at 11.)  On February 14, 2024, plaintiff filed objections to the pending findings and

4  recommendations.  (Doc. No. 16.)

5       In his objections, plaintiff takes issue with only one aspect of the pending findings and

6  recommendations, namely the recommendation to deny plaintiff treble damages.  (*Id.* at 2.)

7  Plaintiff argues that, in considering whether to award treble damages, the assigned magistrate

8  judge erred in considering defendants' past conduct and whether non-treble damages would be

9  sufficient to deter future misconduct.  (*Id.* at 4–5.)

10       Plaintiff's objections do not provide any basis upon which to reject the pending findings

11  and recommendations.  A district court has discretion over whether to award treble damages

12  under the TCPA, and courts routinely consider a defendant's past conduct and whether non-treble

13  damages would sufficiently deter misconduct.  *See* 47 U.S.C. § 227(3)(C) (stating that "the court

14  may, in its discretion," award treble damages); *Doyle v. JTT Funding, Inc.*, No. 18-cv-06145-

15  JAK-AS, 2019 WL 13037025, at *12 (C.D. Cal. Dec. 2, 2019 ) ("To determine whether to impose

16  enhanced statutory damages, courts look to the nature of defendants' conduct, defendants' prior

17  TCPA violations and whether non-trebled damages would sufficiently deter future TCPA

18  violations."); *see also Stark v. Bridgepoint Benefits, LLC*, No. 3:19-cv-01740-AJB-AGS, 2021

19  WL 347695, at *1 (S.D. Cal. Feb. 2, 2021) ("Plaintiff provides no evidence that Defendant has

20  previously been sued for violating the TCPA or that $3,000.00 will be considered trivial and thus

21  not deter future misconduct."); *Heidorn v. BBD Mktg & Mgmt., LLC*, No. 13-cv-00229-YGR, 2013

22  WL 6571168, at *3 (Oct. 9, 2013) (denying treble damages for TCPA violations because the plaintiff

23  failed to present evidence that the amount awarded would be trivial to the defendant or insufficient to

24  have a deterrent effect).  In light of the lack of relevant evidence presented by plaintiff in support of

25  the treble damages award sought in the pending motion, the undersigned agrees with the magistrate

26  judge's assessment that in this case the award of $3,000 in statutory damages is sufficient to

27  accomplish the purposes of the TCPA.

28  /////

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1.   The findings and recommendations issued on February 1, 2024 (Doc. No. 15) are adopted;

2.   Plaintiff's motion for default judgment against defendants (Doc. No. 11) is granted in part and denied in part as follows:

    a.   Default judgment is entered in favor of plaintiff and against defendants on plaintiff's claim for violation of the TCPA;

    b.   Plaintiff is awarded statutory damages in the amount of $3,000;

    c.   Plaintiff's request for an injunction enjoining defendants from making any future solicitation calls to plaintiff at (916) 705-8006 is granted;

    d.   Plaintiff's request for punitive damages, costs and pre-judgment interest is denied; and

3.   The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **February 28, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE